# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| Amy LaCroix | Case No. |
| Plaintiff, | |
| v. | **COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF** |
| Enhanced Recovery Company, LLC | |
| Defendant. | **JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff is a natural person who resided in Jenison, Michigan at all times relevant to this action.

2. Defendant is a Florida limited liability company that maintained its principal place of business in Jacksonville, FL at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because (a substantial part of the events giving rise to this claim occurred in this judicial district OR Defendant resides in this judicial district).

## STATEMENT OF FACTS

5. At all times relevant to this action, Defendant engaged in the business of consumer debt collection.

6.  Defendant regularly uses the telephone and mail to collect consumer debts that Defendant either purchased or had been hired to collect.

7.  The principal source of Defendant's revenue is debt collection.

8.  Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9.  As described below, Defendant contacted Plaintiff about an obligation that Plaintiff allegedly owed to Target National Bank, which had been incurred for personal rather than commercial purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

11. As described below, Defendant attempted to collect the debt from Plaintiff, and in so doing, has alleged that Plaintiff owed the debt.

12. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

13. On or around March 29, 2012, Defendant's agent or employee D. Wilson telephoned Plaintiff's brother ("Gene Jr.") in connection with the collection of the debt.

14. During this communication, Defendant disclosed to Gene Jr. that Plaintiff owed just under $8,000.00 on the debt, that a payment of $185.00 had been made in November of 2011, and that Defendant would settled the debt for $3,000.00.

15. At the time of the above communication, Defendant had already located Plaintiff, had spoken with Plaintiff, and received a request from Plaintiff to not contact Plaintiff's brother as Defendant had done prior to the above phone call.

16. On or around April 3, 2012, Defendant again telephoned Plaintiff's brother Gene Jr. in connection with the collection of the debt.

17. Defendant caused Plaintiff emotional distress.

18. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

19. Defendant violated 15 U.S.C. §1692c(b) by communicating with a third party in connection with the collection of the debt without Plaintiff's consent.

20. In support hereof, Plaintiff incorporates paragraphs 13-16 as if specifically stated herein.

## JURY DEMAND

21. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

22. Plaintiff prays for the following relief:

    a.  Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b.  For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Macey Bankruptcy Law, P.C.

By:____/s/ Nicholas J. Prola_____
      Nicholas J. Prola
      233 S. Wacker
      Sears Tower, Suite 5150
      Chicago, IL 60606
      Telephone:  866-339-1156
      Email:  nprola@maceybankruptcylaw.com
      Attorneys for Plaintiff